UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0617 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Dr. BUCANON, | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0630 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Warden SCI-CRESSON, | : | |
| | : | |
| Defendant. | : | |

---

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0631 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Dr. DOMBOSKI, | : | |
| | : | |
| Defendant. | : | |

---

# **O R D E R**

## **BACKGROUND**

Plaintiff Ronald Pruden, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, filed the above civil rights actions pursuant to 42 U.S.C. § 1983. Named as Defendants in the actions are Doctors Bucanon

and Domboski, psychiatrists at SCI-Graterford, and the Warden at the Cresson State Correctional Institution ("SCI-Cresson") in Cresson, Pennsylvania.

Plaintiff seeks to proceed *in forma pauperis* in each of these actions. For the reasons set forth below, Plaintiff's complaints will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

## ALLEGATIONS IN COMPLAINTS

In Civil Action No. 3:CV-08-0617, Plaintiff alleges that he has been assaulted for eight years, and as relief, requests an end to the assault. He does not make any specific allegations against the named defendant, Dr. Bucanon.

In Civil Action No. 3:CV-08-0630, Plaintiff's again alleges that he has been assaulted for eight years of his life. As relief, he states, "I demand you stop assaulting me." He does not make any specific allegations against the Warden of SCI-Cresson.

In Civil Action No. 3:CV-08-0631, Plaintiff alleges that Dr. Domboski, a psychiatrist at SCI-Graterford, walked by his cell and said, "I talked to doctors & said what if Mr. Pruden realy [*sic*] has this medical condition." Pruden alleges "that" represents eight years that he has been assaulted because he is sick and that he has been left to lie for six years in excruciating pain. He then makes references to Dr. Bowers's denial of his disability, unlawful beatings, being charged money unlawfully, being refused medications that doctors prescribed, having officers rob his cell, destruction of his personal property, causing an illness to worsen irreparably, and loss of five years of prison pay. As relief, he seeks an injunction and removal from the state prison system and the beatings.

**DISCUSSION**

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated the following civil actions, which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: (1) *Pruden v. SCI-Camp Hill, et al*, Civil No. 3:07-CV-0604 (M.D. Pa. June 21, 2007) (complaint dismissed for failure to prosecute after Plaintiff failed to file amended complaint in compliance with Court Order), *appeal dismissed*, No. 07-3073 (3d Cir. October 30, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (2) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (3) *Pruden v. Department of Corrections*, Civil No. 3:07-CV-0768 (M.D. Pa. May 15, 2007) (complaint dismissed *sua sponte* as frivolous), *appeal dismissed*, No. 07-3074 (3d Cir. October 4, 2007)(appeal dismissed for lack of jurisidiction because Plaintiff filed appeal beyond time prescribed by Fed. R. App. P. (4)(a)(1)(A)).

The "imminent danger" exception to 1915(g)'s "three strikes" rule is inapplicable in the newly filed cases. The Third Circuit Court of Appeals has concluded that the requisite

imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In all three actions, Plaintiff alleges that he has been assaulted for eight years and fails to make any specific allegations against the named defendants.  He does not allege that he is in imminent danger of harm by the named defendants at the time of filing.  Upon application of the standards announced in § 1915(g) to Plaintiff's allegations taken as a whole, it is apparent that Plaintiff's present civil rights actions are barred under 1915(g).

**NOW, THEREFORE, this 17th day of April, 2008, it is hereby ORDERED as follows:**

1.  Plaintiff's requests to proceed *in forma pauperis* in the above-captioned actions are **DENIED** in accordance with 28 U.S.C. 1915(g), and the actions shall be **DISMISSED**.

2.  The Administrative Orders previously issued in the above-captioned cases are **VACATED.**  The Clerk of Court shall cease the withdrawal of any funds from Plaintiff's inmate account.  If any monies have been withdrawn in payment toward the filing fees n said actions, they are to be refunded to Plaintiff.

3.  The Clerk of Court shall **CLOSE** the above-captioned cases.

                                                s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge